UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAC HUDSON,
DERRICK TYLER,

      Plaintiffs,

     v.                                  C.A. No. 01-12145-RGS

KATHLEEN DENNEHY,

      Defendant.

### DEFENDANT'S MOTION TO MODIFY APRIL 11, 2008 INJUNCTIVE PROVISION REQUIRING THAT HUDSON HAVE ACCESS TO CLOSED CIRCUIT BROADCASTS OF LIVE FRIDAY JUM'AH SERVICES WHEN CONFINED IN AN SMU

Defendant, through counsel, hereby moves this Court to modify the April 11, 2008 Final Judgment's provision for injunctive relief requiring the defendant to provide plaintiff Mac Hudson ("Hudson") with access to closed circuit broadcasts of live Friday Jum'ah services while confined in a Special Management Unit ("SMU"). Defendant requests that this Court exclude Hudson from the provisions of Paragraph 18 of the Final Judgment in light of a significant change in Hudson's circumstances.

Paragraph 18 of the Final Judgment provides:

> Whenever Plaintiffs are housed in the Special Management Unit, Defendant shall provide access to a closed circuit television set that displays, through sound and images, a live broadcast of such communal Jum'ah services as are regularly held on each and every Friday for the duration of their incarceration (absent a legitimate emergency or the unavailability of an authorized Imam, in which case Defendant may broadcast prerecorded Jum'ah services). Defendant will have thirty (30) days from the date of entry of this Judgment to comply with this provision.

Hudson v. Dennehy, et al., 2008 WL 1451984 *2, ¶ 18 (D. Mass. April 11, 2008) (Order for Final Judgment), aff'd, Crawford v. Clarke, 578 F.3d 39, 43 (1st Cir. 2009).

This Court retained jurisdiction of this case, stating:

> This Court shall retain jurisdiction over this matter for the purpose of enabling any party to this Judgment to apply to the Court for : (i) such further orders or directions as may be necessary or appropriate for the interpretation or implementation of this Judgment; (ii) for the modification of the injunctive provisions of this Judgment; (iii) for Plaintiffs to apply to the Court for the enforcement of any provision or the punishment of any violation of this Judgment.

Hudson, 2008 WL 1451984 *1.

## I. THE INJUNCTIVE PROVISION REQUIRING THAT PLAINTIFFS HAVE ACCESS TO BROADCASTS OF LIVE FRIDAY COMMUNAL JUM'AH SERVICES WHEN CONFINED IN AN SMU MUST BE MODIFIED TO EXCLUDE HUDSON WHERE HE CONSISTENTLY FAILS TO ATTEND SUCH SERVICES WHEN HOUSED IN THE GENERAL POPULATION.

The April 11, 2008 Final Judgment defined "Jum'ah services" as the "Friday Islamic prayer service conducted by an Imam on behalf of a community of Muslims." Hudson, 2008 WL 1451984 *1. As quoted above, Paragraph 18 of the Final Judgment requires the defendant to provide Hudson with access to a broadcast of live Friday communal Jum'ah services whenever he is confined to an SMU. Defendant seeks to modify Paragraph 18 of the Final Judgment to exclude Hudson from its requirements in light of Hudson's consistent failure to attend the Friday communal Jum'ah services lead by a Muslim chaplain in MCI-Concord's masjid for the past several years while he has been housed in the prison's general population.

Hudson was transferred to MCI-Concord on December 9, 2010. Since his transfer to MCI-Concord, Hudson has lived on housing units in the prison's general population with the exception of two recent periods of time. Hudson was temporarily confined in MCI-Concord's SMU on two occasions, November 13, 2014 to January 9, 2015 and February 17, 2015 to March 26, 2015, on awaiting action status pending investigations into allegations that he engaged in conduct that violated institutional rules and regulations. As a result of Hudson's confinement in the SMU within the past seven months, it has become clear that Hudson no longer attends the

"Friday Islamic prayer service" conducted by the DOC's Muslim chaplain at MCI-Concord's masjid when Hudson is in the general population at MCI-Concord.  According to MCI-Concord's Muslim chaplain, Omar Bassma, Hudson has never attended a Friday Jum'ah service conducted by Chaplain Bassma in the prison's masjid. <u>See</u> Affidavit of Omar Bassma, ¶ 3. (Exhibit 1).  In fact, the only time it appears that Hudson has sought access to the Friday Jum'ah services conducted by the Muslim chaplain in MCI-Concord's masjid, was when Hudson was confined to the SMU beginning in late 2014.  Instead of attending the Friday Jum'ah services conducted by the Muslim chaplain in the prison's masjid, it appears that Hudson attends the Jum'ah service conducted on the third Friday of each month by the DOC's Nation of Islam chaplain, Randy Curet, in MCI-Concord's H Building.  <u>See</u> Affidavit of Randy Curet, ¶ 5. (Exhibit 2).

    Paragraph 18 of the Final Judgment was premised upon plaintiffs' trial testimony as to the religious obligation of Muslims to attend Friday communal prayers led by an Imam.  Because plaintiffs were not able to attend the Friday communal prayers lead by a Muslim chaplain while confined to MCI-Cedar Junction's 10 Block, this Court entered the injunctive relief under Paragraph 18 of the Final Judgment requiring the defendant to provide plaintiffs with access to closed circuit broadcasts of the live Friday Jum'ah services conducted by a DOC chaplain when confined to an SMU, except in the absence of the Muslim chaplain or in an emergency situation. However, it is now apparent that since the Final Judgment was entered, Hudson's circumstances have changed dramatically with regard to his adherence to the religious mandate imposed upon Muslims to attend Friday communal prayer services led by an Imam.  As evidenced by the affidavit of Muslim Chaplain Bassma, for the past few years Hudson has failed to attend any of the Friday communal Jum'ah services led by Chaplain Bassma in MCI-Concord's masjid that are

available to general population inmates. Bassma Aff., ¶¶ 2, 3. Certainly, the Friday communal Jum'ah services conducted by Chaplain Bassma in MCI-Concord's masjid meet the definition of "Jum'ah Services" set out in the April 11, 2008 Final Judgment. See Hudson, 2008 WL 1451984 *1. While it appears that Hudson attends the once a month Jum'ah services lead by the Nation of Islam chaplain, Hudson willingly and consistently fails to attend the Friday communal Jum'ah services led by the Muslim chaplain in MCI-Concord's masjid that are available on the other three Fridays of each month. Therefore, it is apparent that it is only when Hudson is confined in an SMU that he seeks access to the Friday communal Jum'ah services led by the Muslim chaplain at MCI-Concord. Hudson's disregard of the obligation under Islam that mandates that Muslims attend Friday Jum'ah services, a religious obligation that serves as the foundation for the injunctive relief imposed upon the defendant in Paragraph 18 of the Final Judgment, has completely undermined the purpose of the injunctive relief and placed an unnecessary and unreasonable burden upon the defendant with regard to Hudson.

Accordingly, where Hudson's actions clearly demonstrate that he is no longer considers himself bound by the mandate of Islam that he attend Friday communal Jum'ah services led by a Muslim Imam, enforcement of Paragraph 18 of the Final Judgment requiring the defendant to provide Hudson with access to closed circuit broadcasts of live Friday Jum'ah services when he is held in the SMU is unwarranted. Defendant requests that Paragraph 18 of the Final Judgment be modified to exclude Hudson from its provisions.

## **CONCLUSION**

Based on the foregoing reasons, defendant respectfully requests that Paragraph 18 of the Final Judgment be modified to exclude Hudson from its provisions.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

Dated:  June 19, 2015	/s/ Richard C. McFarland
Richard C. McFarland, BBO# 542278
Legal Division
Department of Correction
70 Franklin Street, Suite #600
Boston, MA 02110-1300
(617) 727-3300, ext. 1132
richard.mcfarland@state.ma.us

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the EFC system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on 6/19/15.

/s/ Richard C. McFarland
Richard C. McFarland

5